FILED

97 FEB 13 PM 3:58

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

ARTHUR BRENNAN MALLOY, )
)
       Plaintiff, )
)
vs. ) Case No. CV 90-PT-302-M
)
CORRECTIONAL HEALTH CARE, )
)
       Defendant. )

ENTERED

FEB 13 1997

MEMORANDUM OPINION

      The above-styled cause is before the court on the motion to lift stay and to dismiss defendant Correctional Health Care, Inc. as a defendant due to its liquidation in bankruptcy. Plaintiff filed a response to that motion on December 31, 1996. Nevertheless, the court entered a scheduling order on January 6, 1996, establishing a schedule by which the parties may submit briefs with respect to the issues raised by the motion. No briefs have been filed by either side.

      The motion recites, and the court's own records in Case No. CV 90-PT-302-M reflect that defendant Correctional Health Care went into bankruptcy during 1991. As a result, all of plaintiff's claims against CHC were severed and stayed while he proceeded with his claims against the remaining defendants in that action. All of those claims have now been resolved except with respect to the claim against CHC. The motion further recites that the United

54

States Bankruptcy Court for the Southern District of Alabama confirmed CHC's amended plan of liquidation on June 24, 1996. Plaintiff did not file a claim in the bankruptcy action. Plaintiff admits that he filed no claim in the bankruptcy court, contending that he did not have standing to do so because he had received no final judgment against CHC in this action. CHC now seeks to have the stay lifted and to be dismissed with prejudice on the basis of the bankruptcy judgment.

As a claimant against CHC, plaintiff was in the posture of a general unsecured creditor based upon an alleged tort claim against CHC. The confirmation of the amended plan of liquidation binds the creditor to the disposition of CHC's assets, and he may not pursue an action against CHC outside of the bankruptcy proceeding. Consequently, the motion to lift stay is due to be granted and the motion to dismiss with prejudice is due to be granted. By separate order, the court will grant the motion and dismiss the action.

DATED this 13 day of February, 1997.

ROBERT B. PROPST
U.S. DISTRICT JUDGE